# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 20-50871
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE FRANCISCO LUGO-SOTO,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50887

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO LUGO-SOTO,

*Defendant—Appellant*.

No. 20-50871
c/w No. 20-50887

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-161-1
USDC No. 4:19-CR-886-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.
PER CURIAM:*

In 2020, Jose Francisco Lugo-Soto, also known as Francisco Lugo-Soto, among other aliases, pleaded guilty to entry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1) and was sentenced to 21 months of imprisonment and three years of supervised release.

Lugo-Soto previously pleaded guilty to entry into the United States after deportation and was sentenced to 10 months of imprisonment and three years of supervised release. The district court subsequently revoked his supervised release and sentenced him to 14 months of imprisonment with no further supervised release term.

In his sole argument on appeal, Lugo-Soto contends that the sentencing enhancement under § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Lugo-Soto concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for possible further review. The Government, agreeing that the issue is foreclosed, has filed an unopposed

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

motion for summary affirmance. In the alternative, the Government requests an extension of time to file a brief.

As the Government argues, and Lugo-Soto concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Lugo-Soto's illegal reentry conviction and supervised release revocation were consolidated, he has not briefed any challenge to the revocation or the revocation sentence. Consequently, he has waived any challenge to the revocation and revocation sentence on appeal. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); Fed. R. App. P. 28(a)(8)(A).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.